UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHUA JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02663-JMS-MPB |
| | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Joshua Jackson filed a petition for a writ of habeas corpus challenging a New Castle

Correctional Facility disciplinary proceeding identified as NCP 21-06-0010. For the reasons

explained in this Order, Mr. Jackson's habeas petition is **denied,** and the **clerk is directed to enter**

**final judgment** in Respondent's favor.

## I.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written

notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

## II.   The Disciplinary Proceeding

On June 10, 2021, Sgt. S. Saylor issued a Report of Conduct charging Mr. Jackson with a violation of Offense Code B 226 for tampering/blocking a locking device. Dkt. 9-1. The Conduct Report states:

> On the above date and approximate time, I, Sgt. Saylor observed Offender Jackson, J #222115 with his arm out the cuff port. I gave him multiple orders for him to remove his arm from the cuff port so it could be secured in which he refused. I, Sgt. Saylor, advised him that he would receive conduct.

*Id.*

On June 11, 2021, Mr. Jackson was notified of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 9-2. A hearing was held on June 14, 2021, Mr. Jackson admitted he had his arm outside the cuff port, but nevertheless pleaded not guilty. Dkt. 9-5. The DHO found Mr. Jackson guilty based on staff reports, Mr. Jackson's statements, and photographic evidence. *Id.* Mr. Jackson received a loss of 45 days of earned credit time. *Id.*

Mr. Jackson filed both of his appeals, and both were denied. Dkts. 9-8 at 1-2 and 9-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dkt. 2, for which Respondent provided a return, dkt. 9. As of the date of this Order, Mr. Jackson has not submitted a reply.

## III.   Analysis

Mr. Jackson asserts three grounds to challenge his prison disciplinary conviction: (1) that there were poor prison conditions; (2) that there was insufficient evidence to support his guilty determination; and (3) that his sanction was excessive. Dkt. 2 at 3-4.

### a.  Prison Conditions

"[H]abeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011). Therefore, his claim must fail.

2

### b.  Sufficiency of the Evidence

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Here, the Report of Conduct provides sufficient evidence to conclude Mr. Jackson was blocking a locking device.  *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). Specifically, the report noted Sgt. Saylor observed Mr. Jackson "with his arm out of the cuff port." Dkt. 9-1. Moreover, Sgt. Saylor submitted photographic evidence with Mr. Jackson's arm outside the cuff port. *Id*. Therefore, Mr. Jackson's sufficiency of the evidence claim is without merit.

### c.  Excessive Sanction

First, Mr. Jackson claims his sanction was excessive. Dkt. 2 at 5. However, this allegation involves the prison's compliance with Indiana Department of Correction ("IDOC") policies. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x  531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[ i]nstead of addressing any potential constitutional defect, all

of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). Second, IDOC policies indicate that a prisoner can lose up to three months for committing a class B offense. Dkt. 9-11 at 40. As a result, Mr. Jackson's 45 days would be well within limits, which means his claim must fail.

### IV.    Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/8/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA JACKSON
222115
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov